**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUSTAVO MOLOHUA,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Case No. 2:26-cv-08724 (BRM)<br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Gustavo Molohua's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed an answer. (ECF No. 5.)

Petitioner, a citizen of Mexico, entered the United States without inspection in or about 2020. (ECF No. 5 at 1; ECF No. 5-1 at 4; ECF No. 1 at 5.)

On July 9, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner in New York. (ECF No. 5 at 2.)

On July 14, 2026, Petitioner filed the Petition arguing his unlawful detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 6.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody

in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues his detention under 8 U.S.C. § 1225(b) is unlawful and violates his due process rights. (*See* ECF No. 1.) Petitioner argues no warrant was served before the arrest, rendering Petitioner's arrest unlawful. (*Id.*)

Respondents submit that after determining Petitioner was not in the United States lawfully, he was arrested subject to a Warrant for Arrest. (ECF No. 5 at 2; ECF No. 5-1 at 3; ECF No. 5-2.) Respondents further assert that Petitioner was arrested in New York, which is within the jurisdiction of the U.S. Court of Appeals for the Second Circuit, in accordance with the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), and Petitioner's arrest was processed pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 2.)

Respondents acknowledge that on August 5, 2026, Petitioner appeared for a bond hearing, where an immigration judge denied Petitioner's custody redetermination for "lack of jurisdiction." (ECF No. 9.) Respondents contacted the Department of Homeland Security ("DHS"), which advised that in light of Petitioner's arrest and processing in New York and consistent with *Cunha*, the lack of jurisdiction finding was in error. (*Id.*) DHS filed a motion to reconsider with the immigration court. (*Id.*) The Executive Office of Immigration Review granted DHS's motion to reconsider, and Petitioner was scheduled for a bond hearing. (ECF No. 11.) Petitioner was scheduled to appear for a bond hearing on August 13, 2026. (ECF No. 12.) On that date, the immigration judge issued an order reflecting that the "bond request [was] withdrawn by [Petitioner's] attorney." (*Id.*; ECF No. 12-1.)

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal.

*See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896))). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S. of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g.*, *Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Respondents submit and Petitioner does not dispute that he withdrew his request for a bond hearing. Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, Civ. A. No. 17-34559, 2017 WL 6513345, at *3 (D.N.J. Dec. 15, 2017) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'" (quoting *Nepomuceno v. Holder*, Civ. A. No. 11-6825, 2012 WL 715266, at *2 (D.N.J.

Mar. 5, 2012))). Therefore, to the extent Petitioner argues his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

The Court finds that it would not be futile to require exhaustion. Courts within the Third Circuit "have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeal's decision" in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Duque v. Soto*, Civ. A. No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, Civ. A. No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.").

Because Petitioner has not requested a bond hearing, his request for release in the Petition is unexhausted and must be dismissed as such. *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003) (noting detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

Accordingly, and for good cause appearing,

**IT IS** on this 4th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**